# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE T. BLAKLEY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-09-243-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|       Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Joe T. Blakley requests review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 15, 1954, and was fifty-three years old at the time of the applicable administrative hearing. He has a GED, completed welding school (Tr. 324) and has worked as a welder (Tr. 69). The claimant alleges inability to work since October 9, 2002 because of problems with his back, knees, feet, neck and lungs, arthritis in his hands, poor hearing and vision, and numbness in his right arm (Tr. 68).

## Procedural History

On December, 11, 2002, the claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His initial application was denied. ALJ Michael Kirkpatrick conducted a hearing and determined that the claimant was not disabled in a written opinion dated October 5, 2005. The Appeals Council denied review, but this Court reversed on appeal in Case No. CIV-06-79-JHP-SPS. On remand, the ALJ conducted another administrative hearing and again found that the claimant was not disabled in a written opinion dated July 14, 2008. The Appeals Council again denied review, so the July 14, 2008 opinion by the ALJ represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a range of light

work, *i. e.*, he could lift 10 pounds frequently and 20 pounds occasionally but was limited to occasional climbing, balancing, stooping, kneeling, crouching and crawling, and must avoid contact with the general public (Tr. 362). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there were jobs in the national economy that he could perform, *i. e.*, bench assembler, poultry processor, and sewing machine operator (Tr. 373).

**Review**

The claimant contends that the ALJ erred: (i) by failing to afford proper weight to the opinion of consulting physician, Dr. Gordon Strom; and, (ii) by failing to account for his non-severe tinnitus in formulating his RFC at step four. The undersigned Magistrate Judge finds neither contention persuasive, and the decision of the Commissioner should therefore be affirmed.

Dr. Strom examined the claimant on two occasions. In reports from each of these examinations, Dr. Strom noted temporal limitations on the claimant's ability to walk and stand during the workday that were inconsistent with the RFC for light work assessed by the ALJ (Tr. 302, 427). The claimant argues that these limitations would relegate him to sedentary work and thereby render him disabled according to "the grids" because of his a approaching advanced age. The claimant thus contends that the ALJ erred by failing to include these limitations by Dr. Strom in his RFC. The undersigned Magistrate Judge does not agree.

It is true, as the claimant contends, that the ALJ rejected Dr. Strom's limitations in part because he found them to be based upon the claimant's subjective complaints. But the ALJ also analyzed the limitations in light of Dr. Strom's other findings and in light of other evidence in the record, *e. g.*, findings by Dr. James Q. McClelland, D.P.M., who found that the claimant had a "fracture of the navicular bone on the right and a midtarsal defect on the left" and recommended treatment for his foot pain, *i. e.*, changing shoes, using additional padding, and taking non-steroid anti-inflammatory medications, and a follow-up if such treatment did not help (Tr. 367). Thus, the ALJ considered Dr. Strom's limitations but was simply persuaded by other evidence. It is not the function of this Court to reweigh evidence properly considered by the ALJ. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("We consider whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,' but we will not reweigh the evidence or substitute our judgment for the Commissioner's."), *citing Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).

The claimant also contends that the ALJ erred by failing to include in his RFC any limitations related to his tinnitus, which the ALJ found was not a severe impairment at step two. Any error in this regard is harmless, however, as the ALJ found work at step five that the claimant could perform even if (as Dr. Strom found) he was limited to only moderate noise, *i. e.*, poultry processor, which the claimant himself noted would involve only moderate noise according to the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993). *See, e. g., Stokes v. Astrue*, 274

Fed. Appx. 675, 684 (10th Cir. 2008) (finding harmless error where there are other jobs existing in significant numbers: "[W]e do not believe any reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where [the claimant] lives or several regions of the country.").

Because the ALJ committed no error in evaluating Dr. Strom's opinion as to the claimant's physical limitations, and because any error in connection with the claimant's tinnitus was harmless, the undersigned Magistrate Judge finds that the decision of the Commissioner should be affirmed.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were applied by the ALJ and the decision of the Commissioner is therefore supported by substantial evidence. Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that the Commissioner's decision be AFFIRMED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**